[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, plaintiff New London County Mutual Insurance Company ("New London") seeks subrogation against defendant Lory Ladden for money paid because of property damage at its insured's dwelling located at 29 Valentine Circle, Newington, Connecticut, due to a fire on or about October 24, 1991 which New London claims was started as the result of Ladden's negligence. New London's named insured, Vicki Anderson, is the owner of the single family dwelling at the above address and is also the mother-in-law of the defendant Ladden. Defendant interposed a special defense that she, as a resident relative of Vicki Anderson, was an insured under the homeowners policy then in effect for the subject premises. Defendant now moves for summary judgment, claiming that New London is prohibited from seeking subrogation against her as she meets the definition of an insured under the subject homeowners policy.
New London has opposed defendant's motion for summary judgment, conceding that the defendant is a relative of the named insured who lives under the same roof as the named insured, but CT Page 2105 arguing nonetheless that she is not a member of the named insured's "household", and therefore is not an insured under the policy. As such, plaintiff argues, a genuine issue of material fact exists as to whether defendant was a member of the insured's household.
Section 384 of the Practice Book provides that summary judgment shall be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspaper,Inc., 193 Conn. 313, 316 (1984). The party moving for summary judgment has the burden of showing that it is quite clear what the truth is, and that there is no real doubt as to the existence of any genuine issue of material fact. Batick v. Seymour,186 Conn. 632 (1988).
The homeowners policy issued by New London to Vicki Anderson defines an insured as "you and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above." The definition of "household" is absent from the insurance policy at issue. New London claims that there is no Connecticut case law addressing the issue raised by the present case, but the Connecticut Supreme Court has addressed the issue of when an individual is a "resident of the same household" for purposes of insurance coverage. In Griffith v. Security Ins. Co., 167 Conn. 450 (1975), the court construed as unambiguous the phrase "resident of the same household" by reference to Webster's Third New International Dictionary's definition of "household" as "those who dwell under the same roof and compose a family: a domestic establishment; specify a social unit comprised of those living together in the same dwelling place." Griffith at 454. There, the court declined to find coverage despite the familial relationship because the son resided with his mother under a different roof. Reiterating the test for a person to qualify as a resident of the same household under Griffith, the court in D'Addio v. Connecticut Ins. GuarantyAssn., 30 Conn. App. 729 (1993) explained that on the basis of the definition, two criteria must be met for a person to qualify as a "resident of the same household": first, that the person has a close, family-type relationship with the members of the household; and second, that the person actually lives in the household. and second, that the person actually lives in the household. D'Addio at 734. Lory Ladden is the daughter-in-law of the named insured, and lives with Vicki Anderson in the insured CT Page 2106 dwelling, along with her husband, the named insured's son, and their child. She is therefore a resident of the named insured's household under the test announced in Griffith. That the specific context of the Griffith decision was a claim for uninsured motorist coverage does not require a different application.
New London's reliance on cases from other jurisdictions for the proposition that an insurer may maintain an action against an insured's tenant for negligence of the tenant is misplaced. The existence of a lease agreement between the named insured and defendant's family does not alter defendant's status as a household member. Nor does the fact that the defendant maintained a contents policy for possessions located within the named insured's dwelling. Finally, New London's argument that the term "household" is ambiguous is self-defeating, for it is well settled that ambiguities in an insurance policy must be construed against the insurer.
For the foregoing reasons, defendant's motion for summary judgment is hereby granted.
SHELDON, J.